UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-130 |
| | ) | (VARLAN/SHIRLEY) |
| RICHARD DARYL BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on December 7, 2006, for a scheduled motion hearing on the Defendant's Motions For Leave To File Motions [Docs. 23, 25, 26, 27, 28, 29, 30, 31, 32, 34 and 35] and the Defendant's Motion To Continue [Doc. 38]. Assistant United States Attorney Tract Stone was present representing the government. Attorney James A.H. Bell and Richard L. Holcomb were present representing Defendant Richard Daryl Bailey, who was also present at the hearing.

For good cause shown, the defendant's Motions for Leave To File Motions [Docs. 23, 25, 26, 27, 28, 29, 30, 31, 32, 34 and 35] are **GRANTED**.

In support of Defendant Bailey's motion [Doc. 38], Mr. Bell stated that his client has raised significant suppression issues in his Motion to Suppress and Motion For a Hearing Pursuant

1

to Franks v. Delaware. In addition, defendant insists on his need for and right to certain discovery as set forth in his motions. With a fast approaching trial date of December 11, 2006, the defendant requests a continuance of the trial, taking into account his due diligence and the necessities of investigation and the defendant's desire and need for rulings on key issues raised in his motions, as well as the need for an evidentiary hearing before the undersigned, along with time for the undersigned to rule on the motions including Report and Recommendation on the suppression motion and time for defendant or the government to object to any rulings, time for the District Judge to rule and then time to prepare for trial. All of which cannot be accomplished in less than three to four (3-4) months.

The Court questioned the defendant at the hearing, confirming the defendant had discussed his right to a speedy trial with his attorney. He stated that he did not object to his attorney's request for the trial's continuance and agreed he wanted the trial to be continued to a later date and that it was in his best interest. The defendant furthermore stated that he understood he would remain in detention until his trial date. Counsel for the government indicated that in light of the Courts granting of defendant's Motion For Leave To File Motions that the government has no objection to the time frame of the trial continuance.

The Court finds that Defendant Bailey's Motion To Continue the trial date [Doc. 38] is well taken, and it is **GRANTED**. The trial of this case was set for December 11, 2006. Counsel for all parties agreed and for the reasons stated above, the Court finds that the ends of justice served by granting the motion outweigh the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the parties of adequate time to prepare for and conduct a hearing on all pending motions and obtain rulings and the right to object/appeal the same. 18 U.S.C. § 3161(h)(1)(F), -(J). The Court further

finds that the failure to grant a continuance in this case would result in the motions not being ruled upon and thus would constitute a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(ii).

In light of these findings and its granting of the motion, the Court set a new trial date of **March 26, 2007, at 9:00 a.m.** and a motion hearing for **January 12, 2007 at 9:00 a.m.** Defendant is ordered to file the motions permitted electronically by **December 7, 2006**. The government shall respond to those motions by **December 29, 2006**. The Court also finds that the period of time between the filing of Defendant Bailey's various motions beginning on November 16, 2006 and the new trial date of March 26, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

Accordingly it is **ORDERED:**

(1) Defendant Richard Daryl Bailey's Motions For Leave to File Motions [Docs. 23, 25, 26, 27, 28, 29, 30, 31, 32, 34 and 35] are **GRANTED;**

(2) The trial of this matter is reset to commence on **March 26, 2007, at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Bailey's **December 7, 2006** motions, and the new trial date of **March 26, 2007**, is fully **excludable** time under the Speedy Trial Act for the reasons set forth above;

(4) A motion hearing is scheduled for **January 12, 2007, at 9:00 a.m.** before the undersigned;

(5) The defendant is to file motions electronically by **December 7, 2006**; and

(6) The government's response to the defendant's motions shall be filed until **December 29, 2006**.

**IT IS SO ORDERED.**

                            ENTER:

                            s/ C. Clifford Shirley, Jr.
                            United States Magistrate Judge