UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:06-CR-130 |
| | ) | (Varlan / Shirley) |
| RICHARD DARYL BAILEY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the Court upon the following pre-trial motions, all of which have been resolved by previous oral ruling of this Court, or by agreement of the parties, as set forth herein:

1. Specific Brady Request Number One [Doc. 42]

This motion expressed Mr. Bailey's request for a statement of Claiborne County Sheriff's Deputy Josh Russell's written statement. This motion was resolved by agreement of the parties as averred in Joint Notice Regarding Pending Motions [Doc. 63], accordingly **[Doc. 42]** is **DENIED** as moot.

2. Motion for Disclosure of Rule 41 Information in Support of Search Warrant [Doc. 46]

Mr. Bailey moved the Court for an order requiring the government to disclose any recordings or other information that was presented to the United States Magistrate Judge Bruce Guyton, in support of the search warrant issued on September 26, 2006. Based on the government's

1

representation to defense counsel that no information except that previously provided to Mr. Bailey was presented in support of the search warrant, the parties agree that **[Doc. 46]** should be **DENIED** as moot. See Joint Notice Regarding Pending Motions [Doc. 63] at ¶ 5.

### 3. Specific Brady Request Number Two [Doc. 53]

This motion filed by defendant Bailey relays his formal request for personnel files of the law enforcement officers who participated in the investigation of the case, particularly ATF Agent David Wade Moore. This motion was resolved by agreement of the parties in Joint Notice Regarding Pending Motions [Doc. 63], based upon the government's representation of the contents of said files. Therefore, **[Doc. 53]** is **DENIED** as moot.

### 4. Specific Brady Request Number Three [Doc. 54]

Mr. Bailey requests the disclosure of the following material, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Holmes v. South Carolina, 547 U.S. 319 (2006), United States v. Blackwell, 459 F.3d 739 (6th Cir. 2006):

> Notes taken during the investigation of this case *before* the search warrant was issued. This request includes any notes taken by Agent Moore, the Claiborne County Sheriff's Department, or any other agent of the government. This request includes any notes taken during witness interviews, surveillance, or any other investigative activities. This request also includes the date that each set of notes were taken.
> [Doc. 54].

The government has not filed a written response to this request, but the Joint Notice Regarding Pending Motions [Doc. 63] indicates there is not agreement between the parties.

The Court's Order on Discovery and Scheduling at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or

punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).
[Doc. 3]

To the extent any information contained within the notes falls within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence), the government is directed to provide that information to Mr. Bailey. The timing of this disclosure is to be governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). To the extend the requested material contains exculpatory information within the purview of the Court's Order on Discovery and Scheduling [Doc. 3] at ¶ E, **[Doc. 54]** is **GRANTED**.

5. Motion for Leave to File Motion to Strike [Doc. 76]

On February 26, 2007, the Court granted counsel for Mr. Bailey's motion to strike an argument made about Richard Daryl Bailey, Jr.'s credibility at the February 1, 2007, hearing and in pre-trial motions. As noted by the Court in its Report and Recommendation [Doc. 94], the fact that Mr. Bailey has withdrawn this credibility argument does not preclude the Court from taking into account traditional veracity consideration, such as a statement against penal interest. Motion to Strike **[Doc. 76]** was **GRANTED**.

6. Motion for Leave to File Excess Pages [Doc. 68]

Mr. Bailey has asked the Court to permit him to file a Supplemental Motion to Suppress [Doc. 66] in excess of 25 pages. The Court has **GRANTED** the relief sought in **[Doc. 68]**.

7. <u>Motion for Extension of Time to File Response/Reply as to [66] Supplemental</u> [Doc. 72]

The government requested additional time to file its response to Mr. Bailey's Supplemental Motion to Suppress. Additional time was **GRANTED** via telephone conference with AUSA Stone and attorney James A. H. Bell on February 15, 2007. The government's response was due February 20, 2007.

### III. CONCLUSION

The Court's ruling on these matters is as follows:

1. Specific Brady Request Number One **[Doc. 42]** is **DENIED**;

2. Motion for Disclosure of Rule 41 Information in Support of Search Warrant **[Doc. 46]** is **DENIED**;

3. Specific Brady Request Number Two **[Doc. 53]** is **DENIED**;

4. Specific Brady Request Number Three **[Doc. 54]** is **GRANTED**;

5. Motion for Leave to File Motion to Strike **[Doc. 76]** is **GRANTED**;

6. Motion for Leave to File Excess Pages **[Doc. 68]** is **GRANTED**;

7. Motion for Extension of Time to Respond **[Doc. 72]** is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge