UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-130 |
| | ) | (VARLAN/SHIRLEY) |
| RICHARD DARYL BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

On May 16, 2007, the Tennessee Attorney General's office filed a Motion to Quash Subpoena on behalf of the Tennessee Bureau of Investigation (T.B.I.) [Doc. 130]. This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. [Doc. 131]. The Court conducted a hearing on the afternoon of May 16, 2007, as the subpoena in question directed the T.B.I. to produce certain documents at a hearing before the Honorable Thomas Varlan the following day. The proponent of the Motion to Quash, attorney Elizabeth Hale of the Office of the Tennessee Attorney General, appeared by telephone. Present at the hearing were James A.H. Bell and Richard Holcomb, counsel for Mr. Bailey. Mr. Bailey was not present. Assistant United States Attorney Tracy Stone was present on behalf of the government.

Attorney Hale asserted that Mr. Bailey's subpoena for an investigative file of the T.B.I. was unreasonable, that the material contained therein was irrelevant to the instant charge and argued that compliance with the subpoena would be oppressive. Attorney Hale argued that no information in the T.B.I. file was relevant to any issue before the court, to include whether Mr.

1

Bailey is, in fact, a convicted felon. Attorney Hale stated that the T.B.I. had merely investigated the circumstances surrounding how the purported expungement order and the order to reconstitute the clerk's office file had come about. Attorney Hale argued that the file contained information about witnesses who "spoke to the T.B.I. and didn't realize their names could become known." Attorney Hale offered to submit the subpoenaed file to the Court for an *in camera* inspection. No argument was made that Mr. Bailey's subpoena failed to comply with Rule 17 of the <u>Federal Rules of Criminal Procedure</u>.

Attorney Holcomb argued in support of Mr. Bailey's subpoena. Attorney Holcomb explained that defense counsel's original effort to obtain the information mas made by request under the Freedom of Information Act, since the file constituted a closed criminal investigation. Attorney Holcomb reported that the T.B.I. initially indicated it would comply with the request. After various delays, the T.B.I. told counsel for Mr. Bailey that it would not honor the request. Attorney Holcomb proffered a letter to this effect sent to Mr. Bailey from an individual at the T.B.I., not Attorney Hale, dated April 12, 2007. This letter was introduced as Exhibit 1 to the hearing. It was then that Mr. Bailey caused a subpoena to issue for the file. Attorney Holcomb argued that information in the file was vital and necessary to Mr. Bailey's defense at the imminent motions hearing because the government had asserted that his felony conviction was expunged as the result of fraud. The government's position, as set forth in pretrial filings, was that Mr. Bailey should not benefit from his own fraud upon the Claiborne County Criminal Court under an application of the "unclean hands" doctrine. Attorney Holcomb argued that the T.B.I. investigation into the facts and circumstances of the expungement order must necessarily contain highly relevant material on that issue. Attorney Holcomb described that the file is anticipated to "completely disprove the

2

government's theory on why there are no entries," referring to the related court minutes. Attorney Holcomb offered further that after the subpoena was served, the T.B.I. complained that it was untimely and asked for 20 days to comply. Because the motions hearing date was so close, counsel offered instead to pay the expense of overnight shipping, which was declined by T.B.I. Attorney Holcomb also drew the Court's attention to the fact that some of the T.B.I. concerns could have been addressed by a protective order, but none has been requested.

The government took no position on the T.B.I.'s Motion to Quash, but assisted the Court by expanding upon the description of the prosecution theory as to the "unclean hands" doctrine. AUSA Stone explained that "the government's starting point is that if the defendant did something shady to get this expunged, he should not benefit from his own wrongdoing." The government agreed with Mr. Bailey that the information expected to be in the T.B.I. file would be relevant on that issue. AUSA Stone concluded his description of the factual and legal context for the information sought by stating that the government was not opposed to Mr. Bailey's subpoena.

Attorney Hale renewed her offer to submit the file for an *in camera* inspection and asked the Court, at nearly 3:30 p.m. on the day before the hearing, for a protective order. Attorney Hale described the file as constituting about one-half inch of papers, estimated at less than 300 pages. Inquiring generally into the nature of the file, the Court became aware that Attorney Hale did not have the file in her possession, had never seen the file and did not know its contents. Attorney Hale told the Court that the file was in the physical possession of the case agent, who was prepared to drive to Knoxville in the morning with a certified copy of the file to appear before the District Court pursuant to the subpoena.

The Federal Rules of Criminal Procedure provide for subpoena of documents. Rule

3

17(c)(1) states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

The Supreme Court in United States v. Nixon, 418 U.S. 683, 698-700 (1974), has held that in order to require production prior to trial, the moving party must show, inter alia, that the items subpoenaed are evidentiary and relevant and are requested with specificity and not part of a broad discovery strategy. The first prong of the Nixon test requires that the recordings sought are "evidentiary and relevant." The fourth prong of the Nixon test requires that the defendant's request is in good faith and not a general "fishing expedition." Under the circumstances of the present case, the Court found that these two prongs were satisfied. The Court found that the government has raised the doctrine of "unclean hands" as part of its argument on the issue of expungement. The government has alleged or suggested a fraud by Mr. Bailey accomplished the purported expungement. The parties agree that in 2003 the T.B.I. conducted a criminal investigation into the circumstances of the expungement order and that no criminal charges resulted. Both Mr. Bailey and the government stated that they believe the file contains information relevant to the issue of fraud in obtaining the expungement, whether this be favorable to the defendant or the prosecution. Counsel for Mr. Bailey did not oppose redaction of the T.B.I. file to remove identifying information about witnesses who cooperated with the investigation. The Court found that compliance with the subpoena was not oppressive, that the file is likely to contain relevant material and the subpoena was

4

not unreasonable and did not constitute a "fishing expedition." The concerns of the investigating agency about the names of witnesses who gave information to the T.B.I. can be addressed by *in camera* review prior to any disclosure and redaction of identifying information. The parties agreed to limit the scope of the May 17, 2007, hearing before Judge Varlan regarding the fraud allegations until after the Court has reviewed the T.B.I. investigative file *in camera* and disclosed its contents as appropriate. Whether the hearing was, in fact, so limited, the Court is unaware.

Motion to Quash Subpoena on behalf of the Tennessee Bureau of Investigation (T.B.I.) **[Doc. 130]** is **DENIED**. The Tennessee Bureau of Investigation shall comply with the subpoena by producing the requested documents to this Court for *in camera* review. This Court will then conduct an *in camera* review of the file for information which may fairly be described as relevant to the issue of fraud in the procurement of the expungement order or omission of the conviction from the minutes of the court. Should the Court find relevant documents, it will redact all witness identifiers prior to release to the parties.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge