UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:06-CR-130 |
| | ) | | (VARLAN/SHIRLEY) |
| RICHARD DARYL BAILEY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM AND ORDER

This criminal action is before the Court on defendant Richard Daryl Bailey's ("Mr. Bailey") Motion for Release Pending Appeal and Incorporated Memorandum of Law [Doc. 197]. Mr. Bailey moves the Court to release him from custody pending appeal with or without the posting of sufficient cash bond. The government opposes Mr. Bailey's motion. [Doc. 202.] For the reasons that follow, Mr. Bailey's motion will be denied.

On July 17, 2007, Mr. Bailey pled guilty the one count indictment [Doc. 1] charging him with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). On November 30, 2007, Mr. Bailey was sentenced to a term of imprisonment of 30 months [Doc. 196]. The instant motion followed and is now ripe for adjudication.

18 U.S.C. § 3143(b) sets forth the law governing bond pending a defendant's appeal of a criminal conviction. That law states that:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

>    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 U.S.C. § 3142(b) or (c)]; and
>    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>       (i) reversal,
>       (ii) an order for a new trial,
>       (iii) a sentence that does not include a term of imprisonment, or
>       (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>  If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 U.S.C. § 3142(b) or (c)], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [18 U.S.C. § 3142] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b). Accordingly, before the Court can grant a motion for release pending appeal, it must find (1) by clear and convincing evidence that the defendant is not likely to flee or present a danger to others or the community; (2) the appeal is not brought for the purpose of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

2

With respect to the third element, a substantial question of law or fact, the Sixth Circuit has held that 18 U.S.C.§ 3143(b)(1)(B) "does not require the district court to find that it committed reversible error." *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985). Rather,

> [A]n appeal raises a substantial question when the appeal presents a "close question or one that could go either way" and that the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."

*Id*.

Mr. Bailey raises two issues that he contends will present substantial questions on appeal, including: (1) whether Mr. Bailey's purported 1987 conviction (case #9768) is in fact a felony conviction pursuant to Tennessee law and (2) whether Mr. Bailey is entitled to present evidence surrounding the expungement. The Court will address each of these in turn.

As to both issues, Mr. Bailey argues that both issues are extremely novel and have no controlling precedent. Thus, he argues that these issues present a "close call" and "could go either way." The government responds that the issues raised by Mr. Bailey raise no close questions for appeal.

The Court agrees with the government and finds that Mr. Bailey's arguments relating to the expungement issue do not present a "close question or one that could go either way." The Court fully addressed these issues in the Memorandum Opinion and Order [Doc. 151] that denied Mr. Bailey's amended motion to dismiss and the Order [Doc. 157] that denied Mr. Bailey's motions in limine and granted the government's motion in limine. The Court

incorporates its previous analyses of those issues into the current discussion addressing Mr. Bailey's present motion [*See* Docs. 151, 157]. Accordingly, the Court does not find that the issues reserved for appeal raise substantial questions of law or fact, and the Court respectfully rejects Mr. Bailey's grounds for being released pending appeal.

Because Mr. Bailey fails to satisfy the third element, it is unnecessary for the Court to discuss whether he satisfies the other two required elements.

For the reasons discussed above, the Court finds that the Defendant has not satisfied the requirements of 18 U.S.C. § 3143(b) as interpreted by *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985). Defendant's motion [Doc. 197] for release pending appeal is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE